Filed 3/16/21  P. v. Patterson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT ALLEN PATTERSON,<br><br>        Defendant and Appellant. | C091056<br><br>(Super. Ct. No. CRF17664,<br>CRF182863) |

Defendant Robert Allen Patterson pled no contest to two felony charges in two separate cases.  The court imposed the minimum restitution fines, as well as the mandatory court operations and court facilities assessments for the convictions. Defendant appeals the trial court's finding he had the ability to pay the mandatory fines and fees imposed with his sentence, arguing the finding lacks sufficient evidence.  We conclude the trial court properly imposed the restitution fines and mandatory assessments, correct errors in the abstract of judgment, and affirm the judgment.

1

# I. BACKGROUND

This appeal involves two cases. In the first, case No. CRF176654, defendant threw a drink at a car while on the highway. When defendant's sister told him police had contacted her about the incident, defendant told her to fabricate a story about what had happened and threatened her. The prosecution charged defendant with two counts of dissuading a witness (Pen. Code, § 136.1, subd. (b)(1)),[1] two counts of criminal threats (§ 422), one count of vandalism under $400 (§ 594, subds. (a), (b)(2)(A)), and throwing a substance at a car (Veh. Code, § 23110, subd. (a)). Defendant then failed to appear for a hearing (§ 1320, subd. (b)), resulting in case No. CRF182863.

The prosecution amended the information in case No. CRF176654 to add a charge of influencing testimony (§ 137, subd. (a)), to which defendant pled no contest. Defendant also pled no contest to the failure to appear count in case No. CRF182863. The prosecution dismissed the remaining charges.

The trial court sentenced defendant to 16 months in state prison, run consecutively to a prison sentence from an earlier case. The court also imposed for each of the two convictions a $300 restitution fine (§ 1202.4), plus a restitution collection fee of 10 percent, a $40 court operations assessment (§ 1465.8), and a $30 court facilities assessment (Gov. Code, § 70373). The court imposed and suspended a $300 parole revocation restitution fine (§ 1202.45) for each conviction.

Defense counsel asked that all fines and fees be stayed based on defendant's inability to pay, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). The court allowed the parties to submit briefing and set a hearing. At the hearing, defense counsel argued defendant would not be able to obtain work in state prison and was supporting his fiancée and two dependent children. The prosecution argued the imposed

---

[1] Undesignated statutory references are to the Penal Code.

fines and fees were minimal and asserted defendant's job history showed his ability to obtain work. Defense counsel attempted to find a corrections employee who would be able to testify, but was unable to do so. The court confirmed the imposed fines and did not order a stay.

## II. DISCUSSION

Defendant argues there was insufficient evidence to support the trial court's determination he had the ability to pay the fines and fees because there was no evidence he can sustain employment in prison or otherwise. The People argue no evidence in the record suggests defendant lacks the ability to work now or in the future.

Defendant's argument depends on his right to have had the court consider his ability to pay the fines and fees. Defendant assumes he was entitled to this consideration for the reasons articulated in *Dueñas, supra*, 30 Cal.App.5th 1157, which held "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under []section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.) The *Dueñas* court also held "that although []section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*) We are not persuaded that the analysis used in *Dueñas* is correct.

Our Supreme Court is now poised to resolve this issue, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and

Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Because defendant's insufficient evidence challenge is premised on such a requirement, we reject defendant's argument.

Finally, although not raised by either party, we note a clerical error in the abstract of judgment. The court ordered for each case a $300 restitution fine under section 1202.4 and imposed, then suspended, a $300 parole revocation fine under section 1202.45. The abstract of judgment, however, reflects a $300 restitution fine for case No. CRF176654, but none for case No. CRF182863, and a $300 parole revocation fine for case No. CRF182863, but none for case No. CRF176654. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We will direct the trial court to correct the abstract of judgment.

## III.  DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to reflect the fines set forth in the oral pronouncement and forward a certified copy to the Department of Corrections and Rehabilitation.

/S/

RENNER, J.

We concur:

/S/

BLEASE, Acting P. J.

/S/

HOCH, J.

5